UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-89-HRW

WILLIAM SCOTT HAMES                                                              PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY                                                                              RESPONDENT

William Scott Hames is incarcerated in the Federal Correctional Institution which is located in Ashland, Kentucky ("FCI-Ashland"). Hames has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. He has paid the $5.00 filing fee [Record No. 5].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a § 2241 petition are taken as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

RESPONDENT

The substituted respondent in this action is E. K. Cauley, the warden of FCI-Ashland.

CLAIMS

Hames alleges that his 1992 federal conviction violates the Due Process Clause of the Fifth Amendment of the United States of America. He seeks release from custody.

ALLEGATIONS OF THE § PETITION
1. Conviction and Post-Conviction Motions

The Public Access to Court Electronic Records ("PACER") website contains the information pertaining to Petitioner Hames's federal criminal conviction. In late 1989/early 1990, Hames was charged in United States District Court for the Northern District of Georgia at Gainesville with two counts of selling and distributing narcotics in violation of 21 U.S.C. § 846. *See United States of America v. William Scott Hames*, 2:90-CR-0001 (Hon. William C. O'Kelley presiding) ("the Trial Court"). [1]

The docket sheet from the Trial Court record reveals a lengthy litigation history. On October 23, 1992, a jury convicted Hames of the drug offenses [Trial Court Record, Docket Entry No. 190].[2] Hames was sentenced to serve a 324-month term of imprisonment on both counts, to run concurrently [*Id*., Docket Entry No. 197]. Hames appealed [*Id*., Docket Entry No. 198]. The Eleventh Circuit affirmed Hames' conviction. *See United States of America v. William Scott Hames*, 59 F.3d 1180 (11th Cir. 1995).[3]

---

[1]

At some point in 1992, Judge Robert L. Vining, Jr. became the presiding judge of the case.

[2]

A jury originally convicted Hames in 1990. Hames appealed and in March of 1992, the Eleventh Circuit reversed, remanded and ordered a new trial A new trial ensued in August of 1992, which resulted in a mistrial being declared. The final jury trial began in October of 1992.

[3]

A certified copy of the Eleventh Circuit's opinion was not filed in the Trial Court record until

Specifically, the appellate court found that the jury was sufficiently informed as to the credibility of the government's informant witness. It next concluded that Hames did not allege a valid due process claim with respect to alleged police misconduct in his crimes. Finally, the Eleventh Circuit held that the Trial Court properly enhanced Hames's conviction because of his manager/supervisor status in the criminal activities. *Id* at 1182-1184.

On April 18, 1997, Hames filed the first of several motions in the Trial Court to vacate his sentence under 28 U.S.C. § 2255 [*See* Trial Court Record, Docket Entry No. 219]. In his first § 2255 motion, Hames asserted several arguments. First, Hames alleged that his attorney rendered ineffective legal assistance at various stages of his trial, in violation of the Sixth Amendment of the United States Constitution. He argued that his counsel's alleged ineffectiveness caused his sentence to be improperly and substantially enhanced. Second, he challenged the credibility of evidence and testimony offered by the government during his trial.

Third, he alleged that he had been entrapped by the government, thus espousing a theory of "sentencing entrapment." Fourth, he challenged the contents of the Presentence Investigation Report. Fifth, he challenged the constitutionality of the United States Sentencing Guidelines ("USSG") which were in effect at the time his sentence was imposed. Hames argued that the expansive sentencing authority vested in the Trial Court violated the Due Process clause of the Fifth Amendment of the United States Constitution.

On August 1, 1997, the Trial Court entered an Order denying Hames's § 2255 motion [See Trial Court Record, Docket Entry No. 229]. The Trial Court rejected Hames's argument

---

October 20, 1995 [*See* Trial Court Docket Sheet, Entry No. 206].

that his attorney's services were so deficient that they had contributed to his sentence being enhanced. The Court also found Hames's argument, that he had been the victim of "sentencing entrapment," to lack substance.

The Trial Court noted that the Constitution does not require ideal or perfect representation, only reasonably effective assistance under all of the relevant facts and circumstances of a case. The Trial Court also cited Eleventh Circuit case law which rejected the theory of "sentencing entrapment" as a valid defense theory. Accordingly, the Trial Court concluded that Hames's allegations of ineffective assistance of counsel were without merit.[4]

On October 23, 1997, the Trial Court entered an Order denying Hames's application for a Certificate of Appealability [*Id*., Docket Entry No. 235]. Hames appealed that Order [*Id*., Docket Entry No. 257]. On or about June 17, 1999, the Court of Appeals denied Hames' application for a certificate of appealability and his motion to proceed *in forma pauperis* [*Id*., Docket Entry No. 264]. Hames then filed a motion asking the Trial Court to "correct mistakes in judgment, orders or other parts of the record and errors arising or from oversight or omission with the *in forma pauperis* declaration" [*Id*., Docket Entry No. 266].

On July 6, 1999, the Trial Court entered an Order denying that motion. It also refused to issue a certificate of appealability and refused to reconsider its decision denying the "Motion to Correct" [*Id*., Docket Entry Nos. 268, 270 and 275]. Hames again appealed [*Id*., Docket

---

[4] On September 5, 1997, the Trial Court entered an Order [Docket Entry No. 233] rejecting Hames' motion for reconsideration of the August 1, 1997 Order.

Entry No. 269]. On or about November 29, 1999, the Court of Appeals denied his appeal which it construed as a motion for certificate of appealability [*Id*., Docket Entry No. 276].

On March 8, 2001, Hames filed another motion in the Trial Court, asking it to vacate his sentence under 28 U.S.C. § 2255 [*Id*., Docket Entry No. 277]. On May 8, 1001, the Trial Court entered an Order denying the § 2255 motion appealability [*Id*., Docket Entry No. 280]. The Trial Court noted that it had previously denied Hames's original § 2255 motion by Order dated July 31, 1997. The Trial Court reminded Hames that the Eleventh Circuit Court of Appeals had previously declined to issue a certificate of appealability [*Id*.].

The Trial Court further noted that Hames's March 8, 2001, motion was a successive petition under § 2255, for which he was required to obtain permission from the Eleventh Circuit before filing [*Id*]. The Trial Court concluded its one-page Order by stating that it had no authority to consider the motion [*Id*.].[5]

Once again, Hames appealed to the Eleventh Circuit [*Id*., Docket Entry Nos. 286 and 288]. On or about October 3, 2001, the Eleventh Circuit denied Hames's motion for certificate of appealability, based on his failure to make a substantial showing of a constitutional right [*Id*., Docket Entry No. 290].

On December 30, 2005, Hames filed two motions in the Trial Court. In the first motion, he asked the Trial Court to stay and abate proceedings based on the cases of *United States v. Booker*, 125 S. Ct. 738 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004) [*Id*., Docket

---

[5] The Trial Court also denied Hames' motion for reconsideration of the Order entered on May 8, 2001 [*Id*., Docket Entry No. 283] and his motion for Certificate of Appealability [*Id*., Docket Entry No. 285].

Entry No. 324]. In the second motion, Hames asked the Trial Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) [*Id*., Docket Entry No. 325]. On January 3, 2006, the Trial Court entered an Order denying both motions [*Id*., Docket Entry No. 326]. On January 24, 2006, Hames filed an appeal [*Id*., Docket Entry No. 327].

The Eleventh Circuit questioned whether the Trial Court had made a determination of whether there had been excusable neglect or good cause for Hames's filing of a late appeal on January 24, 2006. The appellate court sent the matter back to the Trial Court and directed it to make a finding on the issue [*Id*., Docket Entry No. 336].

On remand, the Trial Court entered an Order stating it was unable to determine if there had been good cause or excusable neglect for Hames filing a late appeal [*Id*., Docket Entry No. 339]. On July 7, 2006, the Eleventh Circuit entered *another* Order directing the Trial Court to make an express determination on the issue of good cause or excusable neglect in the filing of the late appeal [*Id*., Docket Entry No. 342].

On September 11, 2006, the Trial Court entered an Order finding that Hames's January 24, 2006, appeal had been timely. The Trial Court concluded, however, that the finding was irrelevant because it had declined to enter a Certificate of Appealability [*Id*., Docket Entry No. 343]. Again, the issue went back to the Eleventh Circuit [*Id*., Docket Entry Nos. 344-349]. On January 14, 2006, the Eleventh Circuit denied Hames's motion for a certificate of appealability and his motion to proceed as a pauper, finding that he had failed to make the requisite showing of the denial of a constitutional right [*Id*., Docket Entry No. 350].

2. <u>Petitioner's Legal Argument</u>

In the instant § 2241 petition, Hames appears to be arguing that he is factually innocent of the drug crimes of which he was convicted in 1992. First, he alleges that because the Indictment failed to allege or inform him of all elements of the crimes charged, it violated the Due Process Clause of the Fifth Amendment of the United States Constitution.

Second, Hames generally alleges that the prosecuting attorney for the government misapplied Eleventh Circuit law and failed to carry the burden of proof during the prosecution of his case. Third, he alleges that the Trial Court failed to properly instruct the jury. Fourth, Hames argues that the Trial Court sentenced him for conduct with which he was not charged in the Indictment and for which he was not found guilty.

DISCUSSION
1. <u>Relief under §2241 Not Warranted</u>

Petitioner Hames is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the trial court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his

Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

First, in the Eleventh Circuit's July 31, 2005 Opinion affirming Hames' 1992 drug conviction, it discussed Hames' active role in the drug enterprise. That discussion demonstrates that Hames was neither factually nor legally innocent of the drug crimes for which he was convicted. The claims set forth in the instant § 2241 petition, about the manner in which the United States Attorney's Office prosecuted Hames, and the alleged defects with the jury instructions, lack merit.

Second, the history set forth in this Memorandum, Opinion and Order regarding Hames's protracted efforts to obtain post-conviction relief in the Trial Court, and in the Eleventh Circuit Court of Appeals, demonstrates that Hames did in fact have an adequate remedy under § 2255 in the Trial Court. Under *Charles* and *Martin*, the fact that Hames was unsuccessful in his repeated efforts in the Trial Court does not warrant this Court granting extraordinary relief under § 2241. Based on the record, the Court finds no basis for invoking relief under § 2241.

### 2. Case law Not Retroactively Applicable

To the extent that Hames alleges that his Fifth Amendment rights were violated because the essential elements of the crimes for which he was sentenced were not presented to the Grand Jury in the Indictment, he appears to be asserting a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 124 S.Ct. 2531 (2000).[6] The United States Supreme Court has not expressly held that *Apprendi* applies retroactively to cases on collateral review. *In re Clemmons*, 259 F.3d 489 (6th Cir. 2001); *Perkins v. Thoms*, 23 Fed. Appx. 256 (6th Cir.2001). The *Apprendi* ruling simply does not serve as the basis for an actual-innocence claim, in an attempt to fit within the savings clause of §2255. *Bannerman v. Snyder*, 325 F.3d 722 723-724 (6th Cir. 2003).

Other Supreme Court cases which followed in the same vein as *Apprendi*, such as *Blakely v. Washington*, have not been made retroactive on collateral review (*see Blakely*, 124 S.Ct. at 2537-41) and does not afford this Court §2241 "savings clause" jurisdiction. *See Schaffner v. Leblanc,* 2004 WL 2370684 at *2 (D. Minn.). A *Blakely* claim is only properly brought in the sentencing court pursuant to 28 U.S.C. §2255. *See Garland v. United States of America*, 2004 WL 1593438 (N.D. Tex. 2004) (unpublished).

Additionally, the Sixth Circuit has now held sentencing implications of *United States v. Booker* 125 S.Ct. 738 (2005), do not apply retroactively to cases on collateral review.[7] *See*

---

[6] In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."*Id*., 530 U.S. at 490.

[7] *Booker* made the *Apprendi* holding applicable to the federal sentencing guidelines. *Booker,* 125 S. Ct. at 756.

*Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005). For these additional reasons, Hames has not asserted a legitimate claim under 28 U.S.C. § 2241. His petition will be denied with prejudice.

### CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)    Petitioner William Scott Hames' petition for writ of habeas corpus [Record No. 3] is **DENIED**.

(2)    This action shall be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

(3)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This July 30, 2008.

Signed By:
Henry R Wilhoit Jr.
United States District Judge